UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JACQUELINE B. DOTZAUER,                               Case No. 6:13-cv-00829-HA

        Plaintiff,                                  OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

---

HAGGERTY, District Judge:

      Plaintiff Jacqueline Dotzauer seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying her application for Disability

Insurance Benefits (DIB).  This court has jurisdiction to review the Acting Commissioner's

decision under 42 U.S.C. § 405(g).  After reviewing the record, this court concludes that the

Acting Commissioner's decision must be REVERSED AND REMANDED for an award of

benefits.

OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of

awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of

determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards

and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances where the evidence supports either

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision, the decision must be set aside. *Id.* at 720.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was born in April 1951. Plaintiff protectively filed her application for DIB on

January 6, 2011, alleging that she has been disabled since January 1, 2009. The claim was

OPINION AND ORDER - 3

denied initially on January 10, 2011, and upon reconsideration. At plaintiff's request, an

Administrative Law Judge (ALJ) conducted a video hearing on July 10, 2012. The ALJ heard

testimony from plaintiff, who was represented by counsel, as well as an independent vocational

expert (VE).

On September 28, 2012, the ALJ issued a decision finding that plaintiff was not disabled

under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not

engaged in SGA since January 1, 2009, her alleged onset date. Tr. 22, Finding 2.[1] At step two,

the ALJ found that plaintiff suffers from the following medically determinable severe

impairments: degenerative disc disease of the cervical spine. Tr. 22, Finding 3. After

considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does

not have an impairment or combination of impairments that meets or equals a listed impairment

in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23, Finding 4. After consideration of the

entire record, the ALJ found that plaintiff has the RFC to perform light work as defined in 20

C.F.R. § 404.1567(b); specifically she can lift, carry, push, and pull twenty pounds occasionally

and ten pounds frequently, stand and/or walk for six hours in an eight hour workday and sit at

least six hours in an eight hour workday. Her ability to climb ramps and stairs is unlimited. She

can occasionally climb ladders, ropes, and scaffolds, occasionally balance and crawl. Her ability

to stoop, crouch and kneel is unlimited. She can occasionally perform overhead reaching

bilaterally. She is unable to work at unprotected heights. Tr. 23-24. Based on plaintiff's RFC

and the testimony of the VE, the ALJ found that plaintiff is capable of performing past relevant

---

[1] "Tr." refers to the Transcript of the Administrative Record.

work as a realtor, because this work does not require the performance of work-related activities precluded by plaintiff's RFC. Tr. 28, Finding 5. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 28, Finding 6.

On March 14, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff set forth the following arguments: the ALJ erred by (1) improperly rejecting the opinion of treating physician Jeffrey K. Bert, M.D; (2) improperly rejecting the opinion of treating physician Hasan Astahr, M.D.; and (3) improperly rejecting plaintiff's testimony. The court will address each of plaintiff's argument below.

### 1. Opinion of Dr. Bert.

Doctor Bert completed medical statements on August 4, 2011, six weeks after plaintiff's neck surgery, and on March 2, 2012. In two separate medical source statements, Dr. Bert opined that plaintiff would require one or two unscheduled breaks during a typical work day, would likely be absent two days per month, would have occasional difficulty with attention and concentration, would need to sit or stand at will, and would not be able to sit or stand for more than forty-five minutes at a time. Tr. 310-15, 349-54. Doctor Bert also opined, in his first statement, that plaintiff could perform light work, and that he expected plaintiff's condition to improve. Tr. 310-15. During the hearing, the VE testified that an individual who is absent two days per month could not perform any job in competitive employment. Tr. 80.

The ALJ assigned great weight to Dr. Bert's opinion that plaintiff can perform work at a

OPINION AND ORDER - 5

light exertional level; however, the ALJ rejected Dr. Bert's opinion that plaintiff would likely

miss work two days per month. The ALJ reasoned that Dr. Bert's treatment notes "do not contain

findings that corroborate the severity of the disabling limitations to justify the prediction that

[plaintiff] would be absent from work twice per month." Tr. 25.

An ALJ must give clear and convincing reasons supported by substantial evidence to

reject uncontradicted opinions from treating or examining doctors. *Bayliss v. Barnhart*, 427 F.3d

1211, 1216 (9th Cir. 2005) (citation omitted). If an opinion is contradicted, an ALJ must give

specific and legitimate reasons supported by substantial evidence to reject it. *Id*. An ALJ may

satisfy this burden by summarizing the conflicting evidence in detail and interpreting it. *Morgan*

*v. Comm'r of Soc. Sec. Admin.*, 169 F3d 595, 600 (9th Cir. 1999).

In this case, the ALJ did not explain why the majority of Dr. Bert's opinion was consistent

with the medical evidence but only the limitation regarding absences was unsupported. "Merely

to state that medical opinion is not supported by enough objective findings does not achieve the

level of specificity our prior cases have required, even when the objective factors are listed

seriatim." *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (citation and quotations

omitted). By failing to provide any reason as to why the medical evidence does not support a

conclusion that plaintiff will be absent twice per month, the ALJ failed to provide specific and

legitimate reasons for rejecting Dr. Bert's opinion.

Moreover, Dr. Bert's clinical findings do support his conclusion. Doctor Bert's treatment

notes indicate severe limitations in the range of motion in plaintiff's neck, as well as marked

spondylosis in the cervical spine and foraminal stenosis. Tr. 310, 299-300. Although the ALJ

highlighted Dr. Bert's statement on August 4, 2011 that plaintiff's condition would improve in

OPINION AND ORDER - 6

two to three months, plaintiff's condition did not improve as anticipated. While Dr. Bert's March

2, 2012 report did note that plaintiff's neck had stabilized, plaintiff had dizziness with an

undiagnosed cause, and Dr. Bert still predicted that her symptoms would prevent her from

working twice per month. Therefore, Dr. Bert's objective findings supported his opinion and the

ALJ erred in rejecting this opinion.

### 2.    Opinion of Dr. Aktahr

Doctor Aktahr began treating plaintiff in October of 2011. In February 2012, Dr. Aktahr

diagnosed plaintiff with chronic low back pain, unspecified idiopathic peripheral neuropathy,

chronic neck pain, status/post surgery for spinal stenosis at C5-C6-C7, a balance problem, and

hypothyroidism. Tr. 318. On February 21, 2012, Dr. Aktahr completed a RFC questionnaire for

plaintiff. In that questionnaire, he opined that plaintiff could walk half of a block and could sit or

stand with support for about fifteen minutes at a time. Tr. 340. He opined that plaintiff required

scheduled breaks throughout most of the day, Tr. 341, and that her pain would constantly

interfere with her attention and concentration in performing tasks, Tr. 340. Doctor Aktahr opined

that plaintiff should rarely lift weights of less than ten pounds and should never look down due to

her dizziness. Tr. 341. He also explained that plaintiff should rarely twist, stoop, bend, crouch,

or climb, and that plaintiff's impairments would likely cause her to be absent from work more

than four days per month. He concluded that, in his opinion, plaintiff is unable to perform any

gainful employment, permanently. Tr. 342.

The ALJ rejected Dr. Aktahr's opinion, explaining that conclusions regarding a claimant's

ability to work are not medical findings, but administrative findings. He reasoned that such

conclusions are reserved for the Commissioner, because they are beyond the scope of a doctor's

OPINION AND ORDER - 7

medical expertise. While this is true, Dr. Aktahr did not offer his conclusion as to plaintiff's disability in a vacuum. Rather, he completed a functional analysis which listed all of plaintiff's limitations. Only after that assessment did Dr. Aktahr conclude that the listed limitations would prevent plaintiff from working. In addition to the RFC questionnaire, Dr. Akhtar supported his opinion with treatment notes, which document plaintiff's neck pain and balance problems. The ALJ did not address any portion of Dr. Aktahr's opinion other than that ultimate conclusion. Therefore, the ALJ failed to give specific and legitimate reasons supported by substantial evidence to reject Dr. Aktahr's opinion.

### 3.    Plaintiff's Testimony

Plaintiff testified that her symptoms severely limited her capability to perform work. The Ninth Circuit has established a two-part test for evaluating subjective symptom testimony. First, the plaintiff must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Second, if there is no evidence that plaintiff is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so. *Id.* at 1284. In this case, it is clear that plaintiff's impairments could cause some of the alleged symptoms and there is no evidence of malingering. Tr. 350, 340. Therefore, the ALJ had to provide clear and convincing reasons for rejecting plaintiff's testimony.

The ALJ rejected the plaintiff's testimony, explaining that it was not supported by the medical records. However, as discussed above, the medical records demonstrate that plaintiff was incapable of light work. The ALJ also reasoned that plaintiff's testimony regarding her

OPINION AND ORDER - 8

limitations was inconsistent with her daily activities. Specifically, the ALJ relied on the fact that plaintiff performs self-care activities independently, shops, prepares meals, does chores, reads, drives a car, uses a computer, talks on the phone, watches television, eats dinners out, attends church, and participates in women's group meetings. Tr. 27. However, these activities are not inconsistent with the limitations that plaintiff described. While plaintiff testified that she shops, she also explained that she does not place anything heavy in her cart, she asks for assistance in loading her car, and is unable to carry the groceries into her house. Tr. 56. While she testified that she does household chores, she requires the assistance of her boyfriend in completing most. Tr. 69-70. She testified that she needs to rest after performing a task for ten minutes. Tr. 70. While she testified that she watches television and reads, she explained that she can do so only if she is able to switch positions frequently. Tr. 57, 70-71. She also testified that she may have three days per week in which her symptoms are less severe and she can perform some of the more strenuous activities listed. Tr. 50. In consideration of plaintiff's entire testimony, the activities that the ALJ listed are not inconsistent with plaintiff's alleged limitations. Moreover, the fact that plaintiff can perform some tasks is not determinative of disability. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair v. Bowen*, 885 F2d 597, 604 (9th Cir. 1989) (citations omitted). Therefore, the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony.

"[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id.* "[I]n cases in which it is evident from the record that benefits

OPINION AND ORDER - 9

should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, 'to give financial assistance to disabled persons because they cannot sustain themselves.'" *Id.* (quoting *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995)).

Under these standards, remand for a finding of disability and an award of benefits is appropriate here. Each treating doctor opined that plaintiff's symptoms would cause her to be absent from work at least twice per month. The VE testified that such a condition would make plaintiff unable to sustain gainful employment. It is clear that the ALJ would be required to find plaintiff disabled if all her limitations were incorporated in her RFC. The record is fully developed, and further proceedings would serve no useful purpose. The record establishes that plaintiff cannot perform any substantial gainful work that exists in the national economy, and the case need not be returned to the ALJ. *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id.* (citations omitted). As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [his or] her obligation to develop the record.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## CONCLUSION

For the reasons provided, this court concludes that the decision of the Acting

OPINION AND ORDER - 10

Commissioner denying Jacqueline Dotzauer's application for DIB must be REVERSED and

REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this _10_ day of June, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER - 11